UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MAURICE BROOKS,**

      **Plaintiff,**

v.     Case No:  8:21-cv-2399-WFJ-AEP

**NAPHCARE,
RICK WELLS, and
MANATEE COUNTY JAIL,**

      **Defendants.**
_____/

## ORDER

Before the Court is Plaintiff Maurice L. Brooks's Amended Complaint filed under 42 U.S.C. § 1983.  (Doc. 6)  Mr. Brooks[1] alleges that his constitutional rights were violated when he contracted the COVID-19 virus during a prisoner lockdown at the Manatee County Jail.

Under 28 U.S.C. §§ 1915(e) and 1915A, a district court is required both to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The complaint is entitled to a generous interpretation.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

---

[1] According to publicly-available records from the Florida Department of Corrections and the Manatee County Clerk of Court, Mr. Brooks is serving a four-year sentence for convictions of drug crimes, in case number 2021CF001881AX.

Mr. Brooks alleges (Doc. 6 at 5):

> The Manatee County Jail went into a lockdown period for the COVID-19 Delta [variant] outbreak. During this lockdown multiple people began to break out with COVID in the G4NW dorm. These inmates were not taken out of the dorm. We were left to use the same phones, showers, hand rails, tables, water coolers and other [amenities]. The virus is air born and we were not protected by anything but an open grate. So, if a person was to sneeze, this air born disease is floating around making everyone sick. By the time lockdown was over the whole dorm had contracted COVID, myself included. By leaving those initial inmates in that dormitory Manatee County Jail is in direct violation of NaphCare COVID protocol.

Mr. Brooks alleges that he contracted the COVID-19 virus and suffered damage to his physical and mental health. He seeks an injunction requiring the Manatee County Jail to follow guidelines set forth by the United States Centers for Disease Control and Prevention. Also, he seeks to recover $200,000.00 for "long term mental health damages." (Doc. 6 at 5)

Mr. Brooks names Sheriff Rick Wells as a defendant, but he alleges no facts showing that Sheriff Wells was personally involved in this action. Construing the allegations liberally, Mr. Brooks may attempt to hold Sheriff Wells responsible as a supervisor. However, Sheriff Wells cannot be liable for the acts of his employees on a theory of *respondeat superior*. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 694 (1978). To establish a § 1983 claim against a defendant in the defendant's supervisory capacity, "a plaintiff must show that the defendant instituted a 'custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Goebert v. Lee Cty.*, 510 F.3d 1312,

1331 (11th Cir. 2007) (quoting *West v. Tillman*, 496 F.3d 1321, 1328–29 (11th Cir. 2007)). Mr. Brooks identifies no custom or policy that resulted in the alleged constitutional violations, nor any facts to support an inference that Sheriff Wells knew or should have known of a constitutional deprivation that must be corrected. Consequently, Mr. Brooks fails to state a claim against Sheriff Wells.

Mr. Brooks names NaphCare, the medical provider at the Manatee County Jail, as a defendant. Naphcare "performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent" of the county under § 1983. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). However, NaphCare cannot be liable for the acts of its employees merely on a theory of *respondeat superior*. *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997). Mr. Brooks must show some affirmative link or connection between NaphCare's actions and the claimed deprivation or show that a constitutional violation occurred or was caused by a NaphCare policy or custom. *See Monnell*, 436 U.S. at 694. Mr. Brooks alleges that he was forced to share amenities with sick inmates and that the jail's failure to separate sick inmates violated NaphCare's COVID protocols. These allegations are insufficient to show that the alleged constitutional violation was caused by a NaphCare policy or custom. Consequently, Mr. Brooks fails to state a claim against NaphCare.

Finally, Mr. Brooks names the Manatee County Jail as a defendant. To state a viable section 1983 claim, the named defendants must be subject to being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."). The capacity

to sue or be sued shall be determined by the law of the state in which the district court is held. Fed. R. Civ. P. 17(b). Under Florida law, a detention center or jail lacks the capacity to be sued. *Maldonado v. Baker Cty. Sheriff's Office*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021). Consequently, Mr. Brooks fails to state a claim against the Manatee County Jail because it is not a legal entity amenable to suit.

The Court will *sua sponte* permit Mr. Brooks an opportunity to amend his Amended Complaint. If Mr. Brooks can assert facts to state a civil rights claim based on a violation of a federal right against a defendant that is amenable to suit, he may file a Second Amended Complaint.

Accordingly, it is **ORDERED** that:

1. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

    a. If Mr. Brooks wishes to amend his Amended Complaint to remedy the noted deficiencies, he shall file a Second Amended Complaint within **THIRTY DAYS** of the date of this order.

    b. To amend his Amended Complaint, Mr. Brooks should complete a new civil rights complaint form, titling it "Second Amended Complaint." The Second Amended Complaint must include all of Mr. Brooks's claims in this action and may not refer back to, or incorporate, the original Complaint or the Amended Complaint. The Second Amended Complaint shall supersede all prior complaints.

> *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).
>
> c. The Second Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Brooks fails to file a Second Amended Complaint within thirty days, or fails to seek an extension of time to do so, this order dismissing the Amended Complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Brooks must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Brooks a copy of both the standard prisoner civil rights complaint form and this order.

**DONE and ORDERED** in Tampa, Florida on July 19, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party